HEARD APRIL TERM, 1875.

## GREEN *vs.* RAILROAD COMPANY.

Where service of notice of trial is made by mail, as allowed by § 427 of the Code, it is irregular unless sixteen days are allowed between the day of mailing and the first day of the term—the term "day of trial" in that Section meaning the day fixed by law for the commencement of the term.

Where the service of a notice of trial is irregular and the cause is placed on the calendar, advantage of the irregularity can only be taken by a proper motion to the Court. Defendant waives the irregularity by failing to make such motion.

Where a brief prepared for the Supreme Court is, for any reason, incorrect or improper, advantage thereof can only be taken by a proper motion to the Court before the hearing of the cause upon its merits. It is too late to make the objection after argument on the merits commences or the case is submitted on printed argument.

BEFORE CARPENTER, J., AT EDGEFIELD, MARCH TERM, 1874.

These were two actions—one of John E. Green and another of James E. Green against the Charlotte, Columbia and Augusta Railroad Company, in which the issues were tried before juries and verdicts given for the plaintiff.

From the brief it appeared that the cases were noticed for trial on the 15th day of June, 1872, at a Court to be held on the second Monday of June, 1872; that the notices were served on the 30th May, 1872, by depositing copies in the postoffice addressed to defendant's attorneys at Columbia; that on the 31st March, 1874, defendant's attorneys moved His Honor the Circuit Judge to set aside the verdicts and have the cases reinstated on the docket, on the ground that notices of trial had not been served; that the motion was sustained by an affidavit made by one of the attorneys for defendant that notices of trial had not been served on the attorneys of defendant, and that he was surprised when he heard that the cases had been called and verdicts taken; that the motion was denied and that defendant appealed.

A supplemental brief filed by the attorneys for respondents contained, besides other statements, a "statement of facts," dated July 9th, 1875, and signed by His Honor the Circuit Judge, as follows:

"At the hearing of the motions, made before His Honor Judge R. B. Carpenter, at Chambers, on March 31st, 1874, to set aside the verdicts on the above stated actions, it appeared, in addition to the facts stated in defendant's brief, that said actions had been upon the calendar for several terms, and had been regularly continued. That in the year 1872 defendant's counsel agreed in writing with plaintiff's counsel, after the June and prior to the November Term, 1872, to waive the transfer of said actions to Aiken County and try the same at Edgefield. Defendant's counsel having admitted the agreement, the defendant's counsel object to the granting of this order."

*Monteith & Bauskett*, for appellant.

*Youmans & Sheppard, Bacon & Talbert*, contra.

November 12, 1875. The opinion of the Court was delivered by

WILLARD, A. J. Notice of trial in each of the above entitled cases was given for the 15th day of June, the term of Court com-

mencing on the 10th of that month. The service of the notice was by mail, allowing sixteen days' notice to the opposite party prior to the day for which the cause was noticed, but less than sixteen days intervening between the day of mailing and the first day of the term to which notice was given.

The Code (Section 278) requires notice to be given fourteen days before the commencement of the term. This period of time is, in the case of service by mail, extended to sixteen days by Section 427. It is contended that Section 427 fixes the day on which the case is actually tried as that to which the sixteen days' service by mail must be measured, and not the first day of term. Such an interpretation cannot result when Sections 278 and 427 are properly construed together. Section 278 refers the length of notice to the first day of term. The object of this is manifest; it is to enable attorneys to prepare their cases before the commencement of the term. The propriety of such a rule is apparent.

The primary object of Section 427 is to provide service by mail or a substitute for the personal service contemplated in Section 278. It lengthens the period of notice where service is by mail. It is true that this Section says that such service must be made "sixteen days before the day of trial;" but by the "day of trial" we can well understand as intended the day appointed by law for trial. That day is fixed and is a proper day to measure from. The day of actual trial cannot be known until it arrives, and, therefore, does not properly subserve the object for which the day of trial is mentioned in that Section. A proper construction of Section 427 leads to the conclusion that where service is made by mail, sixteen days should elapse before the first day of the term to which notice is given.

The plaintiff's notice was, therefore, irregular; but advantage could only be taken of such irregularity, where the cause was placed on the calendar, by a proper motion on the part of the defendant. The failure of the defendant to make a proper motion in such case is a waiver of the irregularity. It appears by an amendment to the brief that the cause was continued at that term and at subsequent terms. It is also a necessary inference, from the statements contained in the amendments to the brief, that the defendants had notice of the cause being on the calendar and took no steps to avail themselves of the irregularity of the plaintiff.

The defendants allege that the amendment just referred to was improperly made while the appeal was pending and without leave of this Court. If the brief prepared for this Court is for any reason incorrect or improper, it is required that the party seeking to take advantage of such fact should make a proper motion to this Court previous to the hearing of the cause on its merits. After argument on the merits is entered upon, or the case is submitted on printed argument, as in the present case, it is too late to make an objection of that character.

Looking, then, to the brief as it stands amended, it must be concluded that the defendants have waived the irregularity in the notice of trial.

The motion should be denied.

*Moses*, C. J., and *Wright*, A. J., concurred.